**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| REFLECTION CODE LLC<br><br>Plaintiff,<br><br>v.<br><br>THE HERSHEY COMPANY<br><br>Defendant. | **Civil Action No. 1:20-cv-470**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Reflection Code LLC ("Reflection Code" or "Plaintiff"), for its Complaint against Defendant The Hershey Company, ("Hershey" or "Defendant"), alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**THE PARTIES**

2. Plaintiff is a limited liability company organized under the laws of the State of Texas with a place of business at 356 Greenwood Court, Villanova, PA 19085.

3. On information and belief, Hershey is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 19 E Chocolate Ave, Hershey, PA 17033, and can be served through its registered agent, The Company Corporation, 251 Little Falls Drive, Wilmington, DE 19808.

4. On information and belief, Defendant is subject to this Court's general and specific personal jurisdiction because Defendant has sufficient minimum contacts within the State of Illinois and this District, pursuant to due process and/or the Illinois Long Arm Statute, 735 ILCS 5/2-209(c), because Defendant purposefully availed itself of the privileges of conducting business in the State of Illinois and in this District, because Defendant regularly conducts and solicits business within the State of Illinois and within this District, and because Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Illinois and this District. On information and belief, Defendant sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that enter the stream of commerce and that incorporate infringing technology knowing that they would be used and sold in this judicial district and elsewhere in the United States.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391 and 28 U.S.C. §1400(b). Defendant has committed acts of infringement in this District and has a regular and established place of business within this District—including at least at 1751 Lake Cook Rd, Deerfield, IL 60015—and its acts of infringement have taken place and are continuing to take place in this District.

## BACKGROUND

6. This lawsuit initially asserts infringement of three United States patents, Nos. 8,733,657; 7,963,446; and 8,763,907 (the "patents in suit").

7. Plaintiff is the assignee and owner of all right, title and interest in and to each of the patents in suit. Plaintiff's ownership interest includes but is not limited to the right to assert all causes of action and obtain any remedies for infringement of the patents in suit, including damages for infringement that predates their assignment to Plaintiff.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,733,657

8. The allegations set forth in the preceding paragraphs are incorporated into this First Claim for Relief.

9. On May 27, 2014, U.S. Patent No. 8,733,657 ("the '657 patent"), entitled "Barcode Device" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '657 patent is attached as Exhibit 1.

10. The inventions of the '657 patent resolve technical problems related to the use of bar codes, including two-dimensional bar codes. For example, the inventions allow flexibility in the use of such bar codes by allowing the bar code to point to an address of a publicly available database, allowing increased flexibility in the information returned by the database.

11. The claims of the '657 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the '657 patent recite one or more inventive concepts that are rooted in computerized bar code scanning technologies, and overcome problems specifically arising in the realm of computerized bar code scanning technologies. For example, the claims of the '657 patent enables the access of a specified internet website in a novel way, which arises only in the context of the use of computer technologies over the internet.

12. The claims of the '657 patent recite an invention that is not merely the routine or conventional use of the Internet. Instead, the invention makes use of specific lookup functionalities in conjunction with two-dimensional barcodes that can be achieved on a publicly available database. The '657 patent claims thus specify how interactions with the internet are manipulated to yield a desired result.

13. The technology claimed in the ’657 patent does not preempt all ways of using bar codes or two-dimensional bar codes, nor preempt the use of all lookup technologies, nor preempt any other well-known or prior art technology.

14. Accordingly, each claim of the ’657 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

15. As of the date of this filing, there are more than 20 licenses to the ’657 patent.

16. On information and belief, Defendant has and continues to directly infringe at least claim 13 of the ’657 patent by making, using, selling, importing and/or providing and causing to be used products and/or services that incorporate a barcode device associated with said products and/or services, in which the device includes a value acting as a pointer addressing a database entry, and which returns a URL in the addressed database entry to a computer-controlled device, among other features; along with related computer system(s) and functionality, which products by way of example include Defendant’s retail consumer products and/or marketing materials (the “Accused Instrumentalities”).

17. Attached hereto as Exhibit 2, and incorporated herein by reference, is a claim chart detailing how one or more of the Accused Instrumentalities infringe claim 13 of the ’657 patent.

18. On information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendant’s partners, clients, customers and end users across the country and in this District.

19. Defendant was made aware of the ’657 patent and its infringement thereof at least as early as the filing date of this complaint.

20. On information and belief, since at least the time Defendant received notice, Defendant has induced and continues to induce others to infringe at least one claim of the ’657 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting the infringement of others (including but not limited to Defendant’s partners, clients, customers, and end users) whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the ’657 patent.

21. In particular, Defendant’s actions that aid and abet the infringement of others include, e.g., advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities. On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because each Defendant has had actual knowledge of the ’657 patent and knowledge that its acts were inducing infringement of the ’657 patent since at least the date Defendant received notice that such activities infringed the ’657 patent.

22. On information and belief, Defendant has contributed to infringement of one or more claims of the ’657 patent under 35 U.S.C. § 271(c) by offering to sell or selling within the United States and/or importing into the United States without authorization products and/or services that incorporate barcode technology with the knowledge that such products and/or services are especially made or adapted for use in an infringement of the ’657 patent. The Accused Instrumentalities are a material component for use in practicing the ’657 patent and are not staple articles of commerce suitable for substantial non-infringing use.

23. Plaintiff has been harmed by Defendant’s infringing activities.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,963,446**

24. The allegations set forth in the preceding paragraphs are incorporated into this First Claim for Relief.

25. On June 21, 2011, U.S. Patent No. 7,963,446 (“the ’446 patent”), entitled “Barcode Device” was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the ’446 patent is attached as Exhibit 3.

26. The inventions of the ’446 patent resolve technical problems related to the use of bar codes, including two-dimensional bar codes. For example, the inventions allow flexibility in the use of such bar codes by allowing the bar code to point to an address of a publicly available database, allowing increased flexibility in the information returned by the database.

27. The claims of the ‘446 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the ’446 patent recite one or more inventive concepts that are rooted in computer technology, and overcome problems specifically arising in the realm of computer technologies.

28. The claims of the ’446 patent recite an invention that is not merely the routine or conventional use of the Internet. Instead, the invention makes use of specific lookup functionalities in conjunction with two-dimensional barcodes can be achieved on a publicly available database. The ’446 patent claims thus specify how interactions with the internet are manipulated to yield a desired result.

29. The technology claimed in the ’446 patent does not preempt all ways of using bar codes or two-dimensional bar codes, nor preempt the use of all lookup technologies, nor preempt any other well-known or prior art technology.

30. Accordingly, each claim of the ’446 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

31. As of the date of this filing, there are more than 20 licenses to the ’446 patent.

32. Defendant has directly infringed and continues to directly infringe at least claim 7 of the ’446 patent by making, using, selling, importing and/or providing and causing to be used by others products and/or services that incorporate a barcode device associated with said products and/or services, in which the barcode device includes information used as a pointer to fetch a corresponding website address linked to the information from a remote database, among other features; along with related computer system(s) and functionality, which products by way of example include Defendant’s retail consumer products and/or marketing materials (the “Accused Instrumentalities”).

33. Attached hereto as Exhibit 4, and incorporated herein by reference, is a claim char detailing how one or more of the Accused Instrumentalities infringe claim 7 of the ’446 patent.

34. On information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendant’s partners, clients, customers and end users across the country and in this District.

35. Defendant was made aware of the ’446 patent and its infringement thereof at least as early as the filing date of this complaint.

36. On information and belief, since at least the time Defendant received notice, Defendant has induced and continues to induce others to infringe at least one claim of the ’446 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others (including but not limited to Defendant’s partners, clients, customers, and end users) whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the ’446 patent.

37. In particular, Defendant's actions that aid and abet the infringement of others (including but not limited to Defendant's partners, clients, customers, and end users) include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities. On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because each Defendant has had actual knowledge of the '446 patent and knowledge that its acts were inducing infringement of the '446 patent since at least the date Defendant received notice that such activities infringed the '446 patent.

38. On information and belief, Defendant is liable as a contributory infringer of the '446 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States products and/or services that incorporate barcode technology to be especially made or adapted for use in an infringement of the '446 patent. The Accused Instrumentalities are a material component for use in practicing the '446 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

39. Plaintiff has been harmed by Defendant's infringing activities.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,763,907 (INDIRECT)**

40. The allegations set forth in the preceding paragraphs are incorporated into this First Claim for Relief.

41. On July 1, 2014, U.S. Patent No. 8,763,907 ("the '907 patent"), entitled "Barcode Device" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '907 patent is attached as Exhibit 5.

42. The inventions of the '907 patent resolve technical problems related to the use of bar codes, including two-dimensional bar codes. For example, the inventions allow flexibility in

the use of such bar codes by allowing the bar code to point to an address of a publicly available database, allowing increased flexibility in the information returned by the database.

43. The claims of the ’907 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the ’907 patent recite one or more inventive concepts that are rooted in computerized bar code technology, and overcome problems specifically arising in the realm of computerized bar code technologies. For example, the ’907 patent enables the access of a specified internet website on a specific type of computer in a novel way using a bar code, which arises only in the context of the use of computer technologies over the internet.

44. The claims of the ’907 patent recite an invention that is not merely the routine or conventional use of the Internet. Instead, the invention makes use of specific lookup functionalities in conjunction with two-dimensional barcodes can be achieved on a publicly available database. The ’907 patent claims thus specify how interactions with the internet are manipulated to yield a desired result.

45. The technology claimed in the ’907 patent does not preempt all ways of using bar codes or two-dimensional bar codes, nor preempt the use of all lookup technologies, nor preempt any other well-known or prior art technology.

46. Accordingly, each claim of the ’907 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

47. As of the date of this filing, there are more than 20 licenses to the ’907 patent.

48. Defendant has directly infringed and continues to directly infringe at least claim 1 of the ’907 patent by making, using, selling, importing and/or providing and causing to be used

products and/or services that incorporate a barcode device associated with said products and/or services, in which the barcode device includes information including a first uniform resource locator, which addresses a database on the internet to receive a second uniform resource locator, among other features; along with related computer system(s) and functionality, which products by way of example include Defendant's retail consumer products and/or marketing materials (the "Accused Instrumentalities").

49. Attached hereto as Exhibit 6, and incorporated herein by reference, is a claim char detailing how one or more of the Accused Instrumentalities infringe claim 1 of the '907 patent.

50. On information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendant's partners, clients, customers and end users across the country and in this District.

51. Defendant was made aware of the '907 patent and its infringement thereof at least as early as the filing date of this complaint.

52. On information and belief, since at least the time Defendant received notice, Defendant has induced and continues to induce others to infringe at least one claim of the '907 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting the infringement of others (including but not limited to Defendant's partners, clients, customers, and end users) whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '907 patent.

53. In particular, Defendant's actions that aid and abet others such as its partners, customers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities. On information and belief, Defendant has engaged in such actions

with specific intent to cause infringement or with willful blindness to the resulting infringement because each Defendant has had actual knowledge of the '907 patent and knowledge that its acts were inducing infringement of the '907 patent since at least the date Defendant received notice that such activities infringed the '907 patent.

54. On information and belief, Defendant is liable as a contributory infringer of the '907 patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing into the United States products and/or services that incorporate a barcode device to be especially made or adapted for use in an infringement of the '907 patent. Each of the Accused Instrumentalities is a material component for use in practicing the '907 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

55. Plaintiff has been harmed by Defendant's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

A. An adjudication that Defendant has infringed the '657 patent, the '446 patent, and the '907 patent.

B. An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '657,'446 patent, and'907 patents, but in no event less than a reasonable royalty, together with interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D. An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Dated: January 21, 2020

DEVLIN LAW FIRM LLC

*/s/ Chad Henson*________
Neil Benchell
nbenchell@devlinlawfirm.com
815 North Elmwood Ave.
Oak Park, IL 60302

Clifford Chad Henson (Texas 24087711)
chenson@devlinlawfirm.com
Timothy Devlin (*pro hac vice* to be filed)
tdevlin@devlinlawfirm.com
1526 Gilpin Ave
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4215

*Attorneys for Plaintiff*
*Reflection Code LLC*